EMERY H. MAYNARD *vs*. LAURETTA MAYNARD and Trustees.

Washington. Opinion September 4, 1909.

*Bills and Notes. Order Payable out of Particular Fund. Consideration.*

The drawer of an order payable in chattels or out of a particular fund does not undertake that he will pay the order in case the drawee refuses or fails to comply therewith.

No suit can be maintained by the payee against the drawer of an order payable in chattels or out of a particular fund. In such case the payee is the mere assignee of the property and if he fails to receive it his remedy is in an action on the original consideration or cause of action against the drawer.

A valuable consideration is necessary to support any contract, and the rule makes no exception as to the character of the consideration respecting negotiable instruments when the consideration is open to inquiry.

A consideration founded on mere love and affection, or gratitude, is not sufficient to sustain a suit on a negotiable instrument when the consideration is open to inquiry.

A promise founded upon considerations of affection or gratitude is deemed in law a mere beneficence and cannot be the foundation of a legal action when the consideration is open to inquiry.

Where a mother gave to her son an order on her trustees directing them to pay to the order of the son from her "interest and income account" the sum named in the order, and the trustees refused to accept the order and the son then brought an action on the order against the mother to recover the sum named therein, *held* that the giving of the order was an unsuccessful attempt on the part of the mother to make the son a present of the sum named therein and the only consideration for the order was beneficence and that the action could not be maintained.

On report. Judgment for defendant.

Assumpsit. The declaration is as follows: "In a plea of the case, for that the said defendant, at said Machias, on the 28th day of December, A. D. 1907, for value received of the plaintiff, drew her order in writing under her hand of that date, directed to George F. Cary and Deola C. Getchell Trustees, therein and thereby requesting the said Trustees to pay to the plaintiff, or his order, the sum of eight hundred and eight dollars, and thirty-four cents, and charge the same to her account; and the plaintiff on the date of this writ, presented the said order to the said Trustees for their acceptance and payment, which the said Trustees then and there refused to do, of which the said defendant then and there had due notice, and was requested to pay the same, whereby she became liable and in consideration thereof promised the plaintiff to pay him that sum on demand."

Plea, the general issue as follows: "And now the defendant, by her guardian, Phineas H. Longfellow comes and defends, &c., when, &c., and for plea says she never promised the plaintiff in manner and form as the plaintiff in his writ and declaration has declared against her and of this puts herself on the country." Also brief statement as follows: And for brief statement defendant further says: That at the time at which the alleged promise was made she was insane, and mentally incapable of making the contract set out in plaintiff's writ.

"That at the time of the alleged contract, she was suffering from mental weakness and infirmity to such a degree that she did not understand the nature and effect of such alleged contract, and that her signature to the order declared on, was obtained by fraud." The plaintiff is the son of the defendant.

The order given by the defendant to the plaintiff, is as follows:

"Machias, Dec. 28, 1907.

"Geo. F. Cary, Deola C. Getchell, Trustees.

"Please pay from my interest and income account to the order of Emery H. Maynard the sum of Eight hundred and eight dollars and thirty-four cents, and charge same to my account.

"Lauretta Maynard

"Legatee Under Will John F. Harmon."

# Me.] MAYNARD *v.* MAYNARD. 569

After the evidence had been taken out at the trial of the action and a certain agreed statement of facts had been filed, the case was reported to the Law Court for determination.

The case in stated in the opinion.

*E. N. Benson, and A. D. McFaul,* for plaintiff.

*C. B. & E. C. Donworth,* for defendant.

SITTING: WHITEHOUSE, SAVAGE, PEABODY, SPEAR, CORNISH, KING, JJ.

WHITEHOUSE, J. This is an action against the drawer of an order for the sum of $808.34. The plaintiff is the son of the principal defendant, and the alleged trustees Carey and Getchell were constituted trustees by virtue of a trust deed from one John F. Harmon by the terms of which personal property of the face value of $42,000 was assigned to the said Carey and Getchell, upon the condition and stipulation among others that they should pay to the defendant "so much of said annual income as they in their judgment deemed to be necessary for the comfortable support of the said Lauretta, but in no event are they to pay her any part of the principal trust fund." The trustees refused to accept the order. It appears from a copy of the order (made a part of the case by agreement of the parties) that the defendant directed her trustees to pay the amount named from her "interest and income account." It will be seen from the terms of this order that the sum to be paid was not payable absolutely and at all events, but was payable out of a particular fund, namely, her interest and income account.

"The drawer of an order payable in chattels or out of a particular fund does not undertake that he will pay the amount of the order in case the drawee refuses or fails to comply therewith. . . . No suit can therefore be maintained by the payee against the drawer upon an instrument of this character; the payee is the mere assignee of the property, and if he fails to receive it, his remedy is in an action on the original consideration or cause of action against the drawer." 21 A. & E. Enc. Law, 940.

The defendant accordingly contends in the first place that the action is not maintainable because the order cannot be treated as a

bill of exchange. But it is further contended that even if the order carried with it the mother's implied promise to pay it if her trustees did not, the action is not maintainable for the reason that the only consideration for the order is shown by the evidence to have been love and affection and not a valuable consideration.

"A valuable consideration is necessary to support any contract, and the rule makes no exception as to the character of the consideration respecting negotiable instruments when the consideration is open to inquiry. Therefore, a consideration founded on mere love and affection, or gratitude, is not sufficient to sustain a suit on a bill or note; as, for instance, when a bill or note is accepted or made by a parent in favor of a child, or vice versa, it could not be enforced between the orignal parties, the engagement being gratuitous upon what is called a good, in contra-distinction to a valuable consideration." 1 Daniel Nego. Inst. (4th Ed.) sec. 179.

"A good or meritorious consideration will not suffice to support a simple contract. A promise founded upon considerations of affection or gratitude is deemed in law a mere beneficence and cannot be the foundation of a legal action." 6 A. & E. Enc. of Law, 679. *Fuller* v. *Lumbert,* 78 Maine, 325.

Inasmuch as it clearly appears from the plaintiff's own testimony that this was an unsuccessful attempt on the part of his mother to make him a present of the amount named in the order and the only consideration for the order was beneficence, the certificate must be,

*Judgment for the defendant.*